IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD HALL, JR.,** : | | **CIVIL ACTION** |
| Plaintiff, : | | |
| : | | |
| v. : | | 24-CV-6660 |
| : | | |
| **CITY OF PHILADELPHIA,** *et al.*, : | | |
| Defendants. : | | |

**ORDER**

AND NOW, this 21st day of March, 2025, upon consideration of Gerald Hall, Jr.'s Motions to Proceed *In Forma Pauperis* (ECF Nos. 5, 9), Prisoner Trust Fund Account Statements (ECF Nos. 6, 10), and *pro se* Amended Complaint (ECF No. 11), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Gerald Hall, Jr., #BT-5575, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Coal Township or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hall's inmate account; or (b) the average monthly balance in Hall's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hall's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Hall's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Coal Township.

      4.      The Amended Complaint is **DEEMED** filed.

      5.      The Clerk is directed to recharacterize Plaintiff's filing at ECF No. 12 as a "Request for Jury Trial."

      6.      The Amended Complaint is **DISMISSED IN ITS ENTIRETY AS FOLLOWS**:

          a.      All claims against Defendant Larry Krasner are **DISMISSED WITH PREJUDICE**.

          b.      The claim against Defendants Augustine, Devlin, Morton, Burke, and Briggs alleging selective enforcement in violation of the Equal Protection Clause is **DISMISSED WITH PREJUDICE.**

          c.      All other claims are **DISMISSED WITHOUT PREJUDICE** and with no leave to amend in this case. The claims that are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as well as Hall's state law malicious prosecution claim may be reasserted in a new civil action only in the event his underlying conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.

7. The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

**/s/ Harvey Bartle III**
                                                                                               **J.**